UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO ARELLANO, on behalf of himself and all others similarly situated, )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>ALPHA RECOVERY CORP., )<br>)<br>DEFENDANT. ) | Civil Action No. 20-cv-01500<br><br>Jury Demanded |

## CLASS COMPLAINT

Plaintiff, Antonio Arellano, on behalf of himself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Defendant sent Plaintiff a collection letter falsely stating that it may be required to report Plaintiff's potential settlement to the IRS.

4. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any false statements and false threats.

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Antonio Arellano ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Comenity Bank consumer credit account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA, and a "debtor" as that term is defined in 225 ILCS 425/2 of the ICAA.

7. Defendant Alpha Recovery Corp. ("ARC") is a Colorado corporation that does or transacts business in Illinois. Its registered agent and office is Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

8. ARC is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. Defendant ARC holds a collection agency license from the State of Illinois and is a "collection agency" as that term is defined at 225 ILCS 425/2 of the ICAA.

10. Defendant ARC is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

11. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Comenity Bank consumer credit account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

13. ARC subsequently began collecting the alleged debt.

14. On or about January 29, 2020, Defendant mailed Plaintiff a collection letter ("Letter"). (Exhibit C, Collection Letter).

15. The Letter conveyed information about the alleged debt, including an account number, the identity of the creditor, and an account balance.

16. The Letter was a thus a communication as that term is defined at §1692a(2) of the FDCPA.

17. The Letter further states, in relevant part:

> **Whenever $600.00 or more in principal of a debt is discharged as a result of settling a debt for less than the balance owing, the creditor may be required to report the amount of the debt discharged to the Internal Revenue Service. . . .**

18. In fact, Defendant is not permitted to file a form 1099-C for cancellation of many types of debt, including that of Plaintiff's.

19. Treasury Regulation 1.6050P requires that an applicable entity report a cancellation or discharge of indebtedness *in excess of $600* if, and only if, there has occurred an "identifiable event" described in paragraph (b)(2) of that section. 26 C.F.R. § 1.6050P-1(b)(2)(F).

20. There are numerous exceptions to the reporting requirement:

> **(d) Exceptions from reporting requirement**
>
> **(1) Certain bankruptcy discharges -**
>
> **(2) Interest.** The discharge of an amount of indebtedness that is interest is not required to be reported under this section.
>
> **(3) Non-principal amounts in lending transactions.** In the case of a lending transaction, the discharge of an amount other than stated principal is not required to be reported under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit). . . .

(26 C.F.R. § 1.6050P-1(b)(2)(F)).

21. ARC failed to list the exceptions to its apparent reporting requirement.

22. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . . **(5)** The threat to take any action that cannot legally be taken or that is not intended to be taken. . .
>
> . . . **(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

23. ARC made a materially false statement, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) when it may be required by the IRS to report Plaintiff's debt cancellation to the IRS without also stating the exceptions that apply.

24. ARC's failure to note the applicable exceptions is deceptive and states a claim under the FDCPA. *Carlvin v. Ditech Fin. LLC,* No. 16-CV-08386, 2017 WL 635151, at *4 (N.D. Ill. Feb. 16, 2017).

25. The debt consisted of less than $600 in principal balance.

26. Thus, no matter the amount cancelled by ARC, IRS reporting would be required or permitted.

27. In fact, there was no set of circumstances under which the IRS could be involved.

28. ARC made this false statement to coerce Plaintiff into paying the full amount owed on the alleged debt to avoid being reported to the IRS.

29. There is no reason for ARC to inject the IRS into the collection process except to falsely convey to the unsophisticated consumer that he could be reported to the IRS if he does not pay in full.

30. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

31. ARC made a materially false statement, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) when it stated the IRS may require them to report the amount forgiven to the IRS.

32. ARC threatened to take an action it could not legally take when it told Plaintiff that it may be required to report cancellation of her debt to the IRS, in violation of 15 U.S.C. §§ 1692e and 1692e(5).

33. A debt collector can violate the FDCPA where it invokes the IRS in a situation where there is no set of circumstances in which the IRS would be involved. *Foster v. Allianceone Receivables Mgmt., Inc.*, No. 15-CV-11108, 2016 WL 1719824, at *2 (N.D. Ill. Apr. 28, 2016).

34. ARC's statement falsely raises the specter of the IRS should a consumer fail to pay the alleged debt in full, where in reality, there are many circumstances where there would be no IRS involvement.

35. The Letter is false and deceptive in that it does not explain that it is only under certain limited circumstances that a 1099-C Form may be reported to the IRS.

36. ARC could have avoided any problems by simply not referencing the IRS in its collection letter, especially since there are no set of circumstances under which the IRS could become involved in Plaintiff's alleged debt.

37. The unsophisticated consumer may feel pressured by the statement Defendant made in its Letter into paying more of the alleged debt to avoid an IRS audit. *Bautz v. ARS Nat'l Servs., Inc.*, No. 16CV768JFBSIL, 2016 WL 7422301, at *9 (E.D.N.Y. Dec. 23, 2016) (analyzing the statement "Department Stores National Bank will report forgiveness of debt as required by IRS regulations").

38. Such a statement is a false statement. *Medina v. Allianceone Receivables Mgmt., Inc.*, No. CV 16-4664, 2017 WL 220328, at *1 (E.D. Pa. Jan. 19, 2017) (analyzing the same statement).

39. The statement's invocation of the IRS is deceptive and misleading. *Good v. Nationwide Credit, Inc.*, No. CIV.A. 14-4295, 2014 WL 5422103, at *5 (E.D. Pa. Oct. 24, 2014).

40. On information and belief, ARC does not report any debt cancellation to the IRS.

41. Even if ARC were permitted to report any debt cancellation to the IRS, they did not intend to do so when they made the threat.

42. On information and belief, ARC has never submitted a 1099-C to the IRS.

43. The FDCPA prohibits the use of empty threats to collect a debt.

44. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (5) The threat to take any action that cannot legally be taken <u>or that is not intended to be taken</u>. . .**

(emphasis added)

45. ARC threatened to take an action it did not intend to take, in violation of 15 U.S.C. §§ 1692e and 1692e(5) when it stated that it may be required to report cancellation of Plaintiff's debt to the IRS.

46. Conditional language (i.e. "the creditor *may* be required"), particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability. *Gonzales v. Arrow Fin. Servs., LLC*, 660 F. 3d 1055 (9th Cir. 2011) (cited by *Lox v. CDA, Ltd.*, 689 F. 3d 818 (7th Cir. 2012)).

47. Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision-making process, are material. *See Lox v. CDA*, 689 F.3d 818, at 827. Here, ARC's misrepresentation that the IRS would become involved if he paid less than the full amount of the debt owed could cause Plaintiff to feel that he was required to pay more of the alleged debt than Defendants were offering in settlement to avoid IRS involvement.

48. ARC's false IRS statements are made to support a two-tiered collection effort. The first tier is aimed at lower income consumers, to instill fear by including references to the IRS and the federal government in hopes that they will pay at least the settlement amount, to reduce the impact of any government reporting. The second tier is aimed at consumers who have gotten back on their feet, and will be afraid of being reported to the IRS for paying the lower settlement amount, and thus will pay the higher (full) amount of the alleged debt.

49. The use of false statements in either situation is prohibited by the Fair Debt Collection Practices Act.

50. ARC's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

51. Plaintiff, Antonio Arellano, brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect a charged off State Farm consumer credit account (3) using a letter similar to that attached as Exhibit A to Plaintiff's Complaint which (4) contains a reference to the IRS (5) from 1 year prior to the filing of the Complaint to 21 days following.

52. As Exhibit A is a form letter, the Class likely consists of more than 40 persons from whom Defendant attempted to collect a defaulted utility account.

53. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class.

This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

54. The prosecution of separate actions by individual members of the Class would create a risk inconsistent or varying adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

55. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in class action litigation including class actions brought under the FDCPA

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

56. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

57. ARC made a materially false statement, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) when it may be required by the IRS to report Plaintiff's debt cancellation to the IRS without also stating the exceptions that apply.

58. ARC threatened to take an action it could not legally take, in violation of 15 U.S.C. §§ 1692e and 1692e(5), when it told Plaintiff that it may be required to report cancellation of her debt to the IRS, when there was no set of circumstances under which such reporting would be required or permitted.

59. ARC threatened to take an action it did not intend to take, in violation of 15 U.S.C. §§ 1692e and 1692e(5) when it stated that it may be required to report cancellation of Plaintiff's debt to the IRS.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in favor of Plaintiff an the class, and against Defendants as follows:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 476-1362
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com